IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
_____
NEW YORK LIFE                 )
INSURANCE COMPANY,            )
                              )
        Plaintiff,            )
                              )
   v.                         )
                              )
KAREN L. BLODGETT,            )
LUANN R. BLODGETT,            )
KALENA M. BLODGETT,           )
and ROBERT DAVID BLODGETT,    )
                              )
        Defendants.           )   Case No. 3:05-cv-00045-
RRB
_____)
```

**STATUS REPORT SUBMITTED
FOR KAREN, LUANN & KALENA M. BLODGETT**

In this matter, funds deposited by the plaintiff, New York Life Insurance Company, are held in the registry of the court. The court has instructed the remaining parties to report upon the promulgation of a decision by the Supreme Court of the State of Alaska in the action entitled *In the Matter of the Estate of Richard Blodgett*, *Robert David Blodgett, an interested person, appellant, v. Louann Blodgett*, *personal representative, appellee* (Alaska Supreme Court No. S-11571, Superior Court No. 2NO-03-32 PR).

On Friday, November 17, 2006, the Supreme Court of the

PDF created with pdfFactory Pro trial version www.pdffactory.com

State of Alaska promulgated its opinion.[1]  The Court affirmed the decision of the superior court, denying Richard D. Blodgett's claim to any part of his father's estate.  At page 21 of the slip opinion, the Court declared its decision in this language:

> Because the superior court did not abuse its discretion in concluding that manifest injustice would not result from application of the slayer statute, and because [Richard D.] Blodgett's constitutional challenges to the slayer statute are unavailing, we AFFIRM decision of the superior Court.

The Supreme Court's reference to "the slayer statute", is to AS 13.12.803(k), which bars a felonious slayer from benefits under a victim's will or estate, except upon a showing of "manifest injustice".

The attention of the United States District Court is respectfully called to pages 20-21 of the slip opinion, "Attachment 1".  There, the Supreme Court of Alaska noted:

> Shortly after Blodgett's plea, the New York Life Insurance Company sent Blodgett a letter stating that the Alaska slayer statute disqualified him from obtaining any benefits under the life insurance policy executed in 1985.  Blodgett's position is that his rights under this insurance contract were impaired

---

[1] A copy of the opinion, No. 6076, is submitted herewith and marked "Attachment 1".*New York Life Insurance Company v. Blodgett*, Status Report, page 2

PDF created with pdfFactory Pro trial version www.pdffactory.com

> retrospectively by the subsequent passage of the slayer statute. We need not
>
> reach this argument, for there has been no adjudication with regard to the life insurance policy.
>
> Life insurance policies are non-probate transfers. Thus, that Blodgett has been excluded from probate under a slayer statute does not necessarily exclude him from obtaining life insurance benefits. Blodgett has not sued the New York Life Insurance Company to challenge its decision to disqualify him. Without such a challenge, whether the slayer statute applies to non-probate transfers was not before the superior court --as that court recognized -- nor is it before us. Accordingly, there is no occasion for us to consider whether such an application would violate the *ex post facto* clause.

In this action, Robert David Blodgett, through counsel, filed an answer -- but no counterclaim -- to the complaint of New York Life Insurance Company ("NYL") on May 24, 2005.

In paragraph 7 of his Answer, Robert D. Blodgett pointed out that the Alaska statute "includes a savings clause", and that it was being

> challenged based on the statute's violation of, among other things, Art. I, Section 15 of the Constitution for the State of Alaska[2], said

---

[2]   Art. I, sec. 15 states: "No bill of attainder or ex post facto law shall be passed. No law impairing the obligation

PDF created with pdfFactory Pro trial version www.pdffactory.com

>   appeal is currently pending in the Alaska Supreme
>   Court and is dispositive of this matter."

Robert David Blodgett's facial challenges to the "saving clause" on constitutional grounds have all failed. So the challenges "based on the statute's violation of, among other htings, Article I, Section 15 of the Constitution of the State of Alaska" have been resolved against him.

The Supreme Court, to be sure, stated it had no occasion to consider whether NYL might have liability for its determination that he was disqualified from any share of the insurance proceeds -- because Robert David Blodgett had never sued that Company.

If Robert David Blodgett had intended to sue NYL, he should have filed a compulsory counterclaim against it in this case. Instead, he answered the complaint by stating that the appeal he brought to the Supreme Court should be regarded as "dispositive". Furthermore, through his counsel, he also

>   "STIPULATED AND AGREED that NYL be and is
>    hereby discharged from any and all

---

of contracts, and no law making any irrevocable grant of special privileges or immunities shall be passed. No conviction shall work corruption of blood or forfeiture of estate."*New York Life Ins. Co. v. Blodgett*, Status Report, page 3

PDF created with pdfFactory Pro trial version www.pdffactory.com

>                liability whatsoever relating or pertaining to
>                Policy No. 37 957 879 as to the death of
>                Richard L. Blodgett."[3]

DATED November 20, 2006.

                                                s/ Joe P. Josephson
                                              Josephson and Associates
                                              912 W 6th Ave
                                              Anchorage AK 99501
                                              Phone: (907) 276-0151
                                              Fax: (907) 276-0155
                                              Email: jjosephson@aol.com
                                              ABA # 6102018

**Certificate of Service:**

I hereby certify that on 11/20/06,
Motion for entry of final order
directing distribution of funds
a copy of foregoing was served on:

<u>By Fax and Mail:</u>
Neil Kennelly
1441 W Northern Lights Blvd Unit K
Anchorage AK 99503

Vern Rupright
322 Main St
Wasilla AK 99654

<u>By Mail:</u>
Robert D. Blodgett
PO Box 1541
Nome AK 99762

S/ Joe P. Josephson
Joe P. Josephson

---

[3] Stipulation for Decree of Interpleader, page 5, Docket No. ____. *New York Life Insurance Company v. Blodgett*, Status Report, page 4

NY Life Insurance Co. v. Kalena M. Blodgett *et. al.*
Case No. 3:05-cv-00045-RRB
Status Report
Page 5 of 5

PDF created with pdfFactory Pro trial version www.pdffactory.com