Verne E. Rupright
Law Office of Verne Rupright & Associates, LLC
322 main Street
Wasilla, Alaska 99654
(907) 373-3215
Attorney for Robert D. Blodgett

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| NEW YORK LIFE INSURANCE CO., ) <br> ) <br> Plaintiff. ) <br> ) <br> vs. ) <br> ) <br> KAREN I. BLODGETT, ET. AL., ) <br> ) <br> ) <br> Defendant. ) <br> _____) | **STATUS REPORT SUBMITTED <br> ON BEHALF OF <br> <u>ROBERT DAVID BLODGETT</u>** <br><br> Case No. 3:05-cv-00045 (RRB) |

**COMES NOW,** Robert David Blodgett by and through counsel and submits this Status Report on his behalf. The Supreme Court of the State of Alaska rendered a decision <u>In the Matter of the Estate of: Richard Blodgett, Robert David Blodgett, and interested person v. Louann Blodgett, Personnel Representative,</u> Supreme Court No. S-11571, dated 17 November, 2006. (Incorporated by reference the submission of Attachment #1 of opposing counsels status report).

Several errors concerning the conduct of this matter have been asserted in the opposing counsels status report to this court.

First, Robert David Blodgett did in fact bring an action against New York Life Insurance in a case entitled <u>Robert D. Blodgett v. New York Life</u>, 3PA-05-885 CI. The action

sought relief on the grounds of breach of contract, breach of fiduciary duty and breach of good faith and fair dealing. New York Life then removed the matter to Federal Court and Interpled the funds on 26 July, 2005.

New York Life Insurance Company in its interpleader action entitled **DECREE OF INTERPLEADER AND ORDER DISCHARGING NEW YORK LIFE INSURANCE COMPANY AND ENJOINING COMPETING CLAIMANTS AND AWARDING COSTS AND FEES** stated at § 11:

> " Thus, there are competing claims to the remaining policy proceeds. NYL is without knowledge, information or belief sufficient to enable it to determine the validity of those claims and the rights of the claimants as between themselves. NYL does not know and cannot ascertain whether Robert D. Blodgett's pleading no contest to Criminally Negligent Homicide revokes any and all interest he may have in the death benefits payable under NYL policy 37 957 879."

The Alaska Supreme Courts decision relates that "Life insurance policies are non-probate transfers. Thus, Blodgett has been excluded from probate under a slayer statute <u>does not</u> necessarily exclude him from obtaining life insurance benefits." The Supreme Court did not reach the issue of the insurance proceeds since there had been no adjudication concerning those monies.

The Court made the correct analysis. At foot note 65 of the opinion the superior court, Ben Esch at Nome, noted that these benefits "would not be subject to the slayer statute."

The fact is that New York Life was sued, counsel for New York Life then interpleaded the funds to the Federal District Court, under the conditions outlined in its Decree of

2.

LAW OFFICE OF RUPRIGHT & ASSOCIATES, LLC
Attorney at Law
322 Main Street
Wasilla, Alaska 99654
Ph: (907)373-3215    Fax: (907) 373-3217

Interpleader. Additionally, counsel for NYL submitted all documentation of the suit filed at Palmer, Alaska, under its **Notice of Removal** to this court.

New York Life vacated itself from this action when it interplead the funds claiming no stake in them. Further, counsel for Karen, Kalena and Luann Blodgett, et.al., filed an Answer to New York Life and a cross-claim against Robert D. Blodgett which was answered. New York Life had no interest in the funds of the insurance proceeds. In fact, all parties agreed to await the Alaska Supreme Court decision. The Supreme Court made no decision as to the proceeds. Neither did Judge Esch.

Opposing counsel in his Answer to the New York Life action asserted in paragraph 2 that Judge Esch specifically found that "the withholding from Robert D. Blodgett of life insurance proceeds would not 'result in a manifest injustice', and, therefore, Robert D. Blodgett is entitled to no part of the money paid to the Court by the plaintiff." (NYL). New York Life did not answer this challenge. (That was not the finding of the court). Counsel for Robert D. Blodgett was not asked to answer this challenge, it was directed at New York Life. Counsel did answer the Cross-Claims. The action remains open.

The question left to be resolved is the dispersement of the interplead funds. Status hearing is necessary to determine which course is best. Does the Federal District Court now setting proceed to trial on the issue of wrongful death and

3.

awarding of the insurance proceeds; 2) or certify the issue back to the Alaska Supreme Court for assignment in state court; or remand the action, since counsel for Karen, Kalena and Luann Blodgett brought a state action for wrongful death in <u>Luann Blodgett v. Robert D. Blodgett</u>, 3AN-05-11301 CI, now pending before Superior Court Judge Patrick McKay, Third Judicial District at Anchorage.

The action pending before this honorable court, given the decision of the Alaska Supreme Court, leaves an impasse as to the distribution of the funds held.

DATED 21 November, 2006.

s/ Verne Rupright
Law Office of Verne Rupright & Associates, LLC
322 Main Street
Wasilla, Alaska 99654
Phone: (907) 373-3215
Fax: (907) 276-0155
Email: vbattrny@mataonline.net
ABA # 9306013

### Certificate of Service

I hereby certify that on 11/21/06,
Status Report was served on:

<u>By FAX and Mail</u>:
Joe Josephson
912 W 6th Ave
Anchorage, AK 99501

<u>By Mail</u>:
R.D. Blodgett
PO Box 1541
Nome, AK 99762