Joe P. Josephson, Esq.,
912 West Sixth Avenue
Anchorage, Alaska  99501
Tel. (907) 276-0151
Facsimile (907) 276-0155
Attorney for Karen, Kalena
  and Luann Blodgett

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KAREN BLODGETT, *et al.*, ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:05-cv-00045-RRB |

**(PROPOSED) ORDER**

This matter came on for hearing, pursuant to notice, on Friday, the 19th day of January, 2007.  Defendants Luann Blodgett, Karen Blodgett and Kalena Blodgett were represented at the hearing by their attorney, Joe P. Josephson, of Anchorage, Alaska.  Defendant Robert D. Blodgett was represented by his attorney, Verne Rupright, of Wasilla, Alaska.

Prior to the hearing, Mr. Rupright had filed his motion for leave to withdraw as attorney for Robert D. Blodgett, accompanied by Robert D. Blodgett's written consent to that motion.  During the hearing, repeated efforts to contact Robert

D. Blodgett by long distance telephone call to him at or near Nome, Alaska, were unsuccessful.

IT APPEARING that this action was commenced in this court by New York Life Insurance Company ("the Company") as an action in interpleader, after it had been sued in a state court action entitled *Robert D. Blodgett v. New York Life*, Case No. 3PA-05-885 Civil, and after the Company petitioned to remove the action to this court, and

IT FURTHER APPEARING that the sum of $231,134.85 was deposited by New York Life Insurance Company, into the registry of the court, to be held by the Clerk in a renewable certificate (or renewable certificates) of deposit at First National Bank Alaska, pending the decision of the Supreme Court of Alaska in the case entitled *In the Matter of the Estate of Richard Blodgett, Robert D. Blodgett, an Interested Person v. Luann Blodgett, Personal Representative* (Supreme Court of Alaska No. S-11571), and

IT FURTHER APPEARING that the Supreme Court of Alaska decided the referenced case on November 17, 2006, but did not determine the parties' competing claims to life insurance proceeds such as the moneys deposited herein by New York Life Insurance Company, and

IT FURTHER APPEARING that New York Life Insurance Company,

upon its deposit and pursuant to an order of the court, has neither any liability to the individual parties in this action and no further interest in the funds it deposited, and

IT FURTHER APPEARING that there is no federal question and no diversity of citizenship justifying the assertion by this court of jurisdiction as to the funds on deposit, and

IT FURTHER APPEARING that the individual parties' counsel agree that this action should be remanded to the Superior Court for the State of Alaska, Third Judicial District, and

IT FURTHER APPEARING that upon remand there shall be two separate actions pending between the individual parties, to wit, *Luann Blodgett* v. *Robert D. Blodgett*, Case Number 3AN-05-11301 Civil, in Anchorage, an action for wrongful death, and *Robert D. Blodgett v. New York Life Insurance Company*, Case Number 3PA-05-885 Civil), in Palmer,

NOW, THEREFORE, IT IS ORDERED THAT:

1. This action be, and it is hereby, remanded to the Superior Court for the State of Alaska, Third Judicial District at Palmer, and

2. The Clerk of this Court, in accordance with F.R.Civ.Pro.67(2)(g), be, and she is hereby, ORDERED and DIRECTED to transfer to the Clerk of Courts, Alaska Court

System, at Palmer, Alaska,[1] 435 South Denali Street, Palmer, Alaska 99645 all funds deposited into the registry of the United States District Court by the Company, and retained under the authority and control of the Clerk, together with interest earned thereon to the date of transfer.

3. The check transmitting the said funds shall be payable to the order of the Superior Court, State of Alaska, and transmission shall be to the Palmer, Alaska, address shown above.

4. It shall be the responsibility of the parties to bear, equally, the cost of providing copies (including certified copies) of the records and files of the United States District Court to the Superior Court of the State of Alaska.

5. Anything herein to the contrary notwithstanding, the Clerk is directed to deduct from income earned on investment a fee, not exceeding that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office.

6. The clerk will deliver a copy of this order to the private institution, First National Bank Alaska, where the deposit was made.

7. Nothing in this Order shall be deemed to limit or affect

---

[1] EIN Number 92 6001185.

Order
N.Y Life Insurance Company v. Blodgett
Case No. 3:05-cv-00045-RRB
Page 4 of 5

the ability, discretion or authority of the Alaska Court System to determine whether the records, files and funds should be re-transferred to the Alaska Superior Court in Anchorage, where the referenced wrongful death action is pending, or retained by the Alaska Superior Court in Palmer.

    DONE AT ANCHORAGE, Alaska, this ____ day of April, 2007.

_____
Ralph R. Beistline
United States District Judge

Certificate of Service:

On Monday, April 9, 2007,
I caused a true copy
of this document to
be faxed and mailed
to the office of
Verne E. Rupright,
Esq., 322 Main Street,
Wasilla, Alaska  99654.
I also mailed a copy of this
document to Richard Blodgett,
P. O. Box 1541, Nome, Alaska.

/s/ Joe P. Josephson_____